## Richmond.

### COMMONWEALTH v. FORD, TRUSTEE.

December 1st, 1892.

STATE BONDS—*Coupons—Taxes—Refunding Act 1892.*—Code, § 412, so far as it requires the production into court of the state bonds, does not apply where the bonds have been surrendered to the commonwealth under the refunding act of February 20, 1892.

Error to judgment of circuit court of the city of Richmond, rendered June 24th, 1892, in the case in which A. J. Ford, trustee, was plaintiff, and the Commonwealth of Virginia was defendant. The judgment being in plaintiff's favor, the commonwealth brought the case here on writ of error. Opinion states the case.

*H. R. Pollard* and *Attorney-General R. Taylor Scott,* for commonwealth.

*Maury & Maury,* for defendant in error.

LACY, J., delivered the opinion of the court.

The petition of the plaintiff (the defendant in error) in the circuit court was filed on the 30th day of April, 1892, and alleged that he was a tax-payer of said city ; that on the 10th day of June, 1890, being indebted to the state of Virginia in the sum of $528 state tax, other than school tax and liquor-license tax, he tendered J. K. Childrey, treasurer of the said city, and the officer appointed by law to receive said tax, in payment of so much thereof, $528 in past-due coupons, cut

from the bonds of the said commonwealth, issued under an act of the general assembly approved March 30, 1871, entitled " An act to provide for the funding and payment of the public debt," and from other bonds of the state, issued under authority of an act of the general assembly approved March 28, 1879, entitled " An act to provide a plan of settlement of the public debt," which said coupons are by law receivable for all taxes, debts, and demands due the state, who received the same for purposes of identification and verification, and forwarded them to that court for that purpose, according to law; alleging that the said coupons were genuine, legal coupons, past due, and are legally receivable for all taxes, debts, and demands due the commonwealth of Virginia; and prays that a jury be impanelled to try the question whether they are genuine, legal coupons, legally receivable for all taxes, debts, and demands due the commonwealth; prays for process against the commonwealth, and that, when the said coupons are ascertained to be genuine, legal coupons, past due, and receivable for all taxes, debts, and demands due the commonwealth, that the court would so certify, that he might receive back the money so paid by him according to law. And the commonwealth demanding, through her attorney, Mr. Henry R. Pollard, that an issue should be made up on behalf of the commonwealth upon said petition, to try whether the coupons described therein are genuine, legal coupons, legally receivable for all taxes, debts, and demands due the commonwealth, such issue was made up, and a jury sworn, which, having heard the evidence, returned a verdict in favor of the plaintiff; whereupon the commonwealth, by her said attorney, moved the court to set aside the said verdict, and grant to the commonwealth a new trial; which motion the court overruled, and rendered judgment on the said verdict, that the said coupons in said verdict referred to are genuine, legal coupons, receivable for all taxes, debts, and demands due

the commonwealth of Virginia; which was ordered to be cer-
tified to the treasurer, as directed by law, to refund the money
heretofore paid by the petitioner for his taxes, as in his peti-
tion alleged. And the commonwealth, having excepted to cer-
tain rulings of the court at the trial, applied for and obtained
a writ of error to this court.

The evidence shows that $63 in amount of the said coupons
were cut from bonds of the commonwealth, Nos. 819, 17221,
and 9505, which were produced in court to prove the said
coupons, as required by section 412 of the Code of Virginia;
and the defendant moved the court to exclude from the jury
all the other coupons cut from the other bonds, thirteen in
number—viz., Nos. 819, 2195, 1531, 579, 997, 1973, 2428,
2429, 2431, 2432, 17221, 9505—which were not produced
to establish the coupons alleged to have been cut from them.
But the court overruled this motion to exclude these coupons,
$465 in value, because the petitioner had delivered these last-
named bonds to the state for refunding under the act of
assembly of February 20, 1892, (Acts 1891–'92, p. 533,) and
could not, therefore, be produced by him, as they had lawfully
passed out of his hands into the hands of the state. As to the
first enumerated bonds, which were produced, the coupons cut
therefrom were proved to be genuine in the mode prescribed
by law—to-wit, the production of the bonds, duly signed by
the hand of the treasurer of the commonwealth, from which
the said coupons were cut. As to the coupons cut from the
bonds funded under the act of February 20, 1892, the said
bonds, having come under the said act of settlement by the
joint act of the state and the bondholders, must be governed
by the terms of that act. That act carries into the funding
process the bonds surrendered, and all coupons for the year
1891 and succeeding years. These coupons were cut from
these bonds, and tendered in 1890, before the passage of the
act in question of February 20, 1892. By the said act (sec-

tion 12) it is provided :   " *   *   *   All coupons heretofore tendered for taxes, and held by the officers of the commonwealth for verification, in pursuance of the statute in such case made and provided, shall be received in payment of the taxes for which they were tendered, and the money collected for such taxes returned to the parties from whom it was received ; provided, the said tax-payer shall have paid in money, and not, in coupons, all costs incurred in legal proceedings to verify said coupons."   This provision provides for the disposition to be made of the coupons such as those cut from the bonds of the state and tendered for taxes, and held for verification by officers of the state, and is in accordance with the judgment of the circuit court of Richmond city herein, and we perceive no error therein, and the same must be affirmed.

JUDGMENT AFFIRMED.